IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robin Epting, a/k/a Robin Darr Epting, ) | C/A NO. 9:05-2257-CMC-GCK |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Lt. J.D. Shelton, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint alleging that Defendant used excessive force against him during an incident in the parking lot of the Laurens County Hospital. Plaintiff sustained a broken ankle, which he alleges was the result of a violation of his Fourteenth Amendment rights.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation. On November 20, 2006, the Magistrate Judge issued a Report recommending that summary judgment be granted to Defendant. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections on December 11, 2006.

---

[1] Plaintiff had been lawfully arrested at the time of the incident which forms the basis of the complaint. Therefore, Plaintiff's claims are covered by the Due Process Clause of the Fourteenth Amendment. The Fourth Amendment "governs claims of excessive force during the course of an arrest, investigatory stop, or other 'seizure' of a person." *Riley v. Dorton*, 115 F.3d 1159, 1161 (4th Cir.1997) (en banc). The Fourth Circuit has rejected any concept of a continuing seizure rule, noting that "the Fourth Amendment . . . applies to the initial decision to detain an accused, not to the conditions of confinement after that decision has been made." *Id*. at 1163 (internal citations and punctuation omitted). Once the single act of detaining an individual has been accomplished, the Fourth Amendment ceases to apply. *Id*.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Plaintiff's objections do not provide any legally meritorious argument to persuade this court otherwise.

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 21, 2006

C:\temp\notesE1EF34\05-2257 Epting v. Shelton e adopt rr dism excessive force.wpd